AVON REALTY & AMUSEMENT CORP. v. AMEND et al.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. EXCHANGE OF PROPERTY &infin;8(1)—WAIVER OF CONDITION—QUESTION FOR JURY.
    Evidence on the issues made in an action for damages for the defendant's breach of the provision of an agreement for the exchange of properties that he would procure and deliver to plaintiff an assignment of his lease *held* to make the plaintiff's waiver of such provision a question for the jury.
    [Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. &infin;8(1).]

2. EXCHANGE OF PROPERTY &infin;7—INVALIDITY OF CONTRACT—REINSTATEMENT.
    In such case, where defendant would prevail on proof of plaintiff's waiver of the provision, and where, if there was no waiver, the contract, by its terms was void for defendant's failure to perform, plaintiff could not recover damages.
    [Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 12–14; Dec. Dig. &infin;7.]

3. EXCHANGE OF PROPERTY &infin;7—INVALIDITY OF CONTRACT—REINSTATEMENT.
    In such case, either party, on the other's refusal to reinstate him, could maintain an action in equity to compel reconveyance of the properties and repayment of moneys deposited.
    [Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 12–14; Dec. Dig. &infin;7.]

Appeal from Trial Term, New York County.

Action by the Avon Realty & Amusement Corporation against William C. Amend and Charles J. Generich, individually and as copartners. From a judgment on the verdict, and from an order denying a motion for a new trial, defendants appeal. Judgment and order reversed, and complaint dismissed.

&infin;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Robert J. Robeson, of New York City, for appellants.
Abraham Felt, of New York City, for respondent.

DAVIS, J. The plaintiff's assignor, Johanna Engel, was the owner of premises No. 271 Halsey street, Brooklyn, N. Y. The defendants, a copartnership, were lessees of the first-floor room of premises 1219–1221 Bedford avenue, Brooklyn, N. Y., and the owners of a moving picture business conducted thereat. On the 10th of December, 1913, the plaintiff's assignor and defendants executed a contract, speaking generally, to exchange their respective properties; the plaintiff's assignor to convey to defendants the premises, 271 Halsey street, Brooklyn, in exchange for the defendants' moving picture business and its appurtenances, together with a 5-year lease of the moving picture business premises. Specifically, the terms of the exchange were as follows: The plaintiff's assignor was to convey to the plaintiff its premises, 271 Halsey street, "at a valuation for the purposes of this contract of thirty thousand dollars" subject to a mortgage of twenty thousand dollars; the defendants were to convey to the plaintiff's assignor their moving picture business and fixtures referred to above "at a valuation for the purposes of this contract of sixty-five hundred dollars," and to assign to plaintiff's assignor their lease of the moving picture business, which lease then had about four years and six months to run; the defendants were also to pay to the plaintiff's assignor the sum of $3,500 in cash, of which $500 were to be paid on the signing of the contract, and the balance of $3,000 on the closing of the contract; the defendants were also to assign to the plaintiff's assignor at the closing of the contract the deposit of $250 which remained with the lessor of the moving picture premises as security for the defendants' performance of the provisions of the lease. The contract also provided that:

"The parties of the second part [defendants] will obtain and deliver at the time of closing hereof, a duly acknowledged written consent by Susan Leonard, landlord, to the assignment of said lease to the party of the first part or her assigns."

The contract also contains the following provision:

"It is further understood and agreed that if the parties of the second part [defendants] shall be unable to obtain the duly acknowledged consent in writing by the landlord to the assignment of said lease, that then and in that event this agreement *shall become null and void*, and that the party of the first part will surrender or pay over to the parties of the second part the aforesaid mentioned deposit without any deductions, conditioned, however, that the said parties of the second part shall do all in their power in order to get such consent, and that the same shall not be collusively or arbitrarily withheld by the parties of the second part."

The contract also provides that the party of the first part (Engel) might assign the contract, and that the parties of the second part (defendants) would cause to be executed and delivered to the assignee any and all papers and instruments mentioned in the contract or that

might become necessary in connection therewith. The party of the first part (Engel) assigned the contract in question to the plaintiff corporation on the 19th of December, 1913. By the terms of the contract, the transaction was to close the 15th of December, 1913; but on that day the defendants were not able to deliver the consent of the landlord to the assignment of the lease, and the closing was adjourned to the 17th. On the 17th conditions had not changed, and the closing was adjourned to the 19th of December. On the 19th of December the plaintiff was ready to close the transaction, but the defendants were still unable to deliver the landlord's consent to the assignment of the lease.

At this time the plaintiff wanted to get possession of the moving picture business, so as to have the benefit of the Christmas season's business, and the defendants were desirous of getting possession of the Halsey street property. The plaintiff, therefore, delivered a deed of the Halsey street property, executed by plaintiff's assignor to the defendants, on December 19th, and received the deposit of $500 from defendants, and went into possession of the moving picture premises. The plaintiff claims that the defendants gave it possession of the leased premises in return for the immediate conveyance of plaintiff's property, but that the defendants' agreement to get the landlord's consent to the transfer of the lease was in no wise affected by the transaction. On the other hand, the defendants claim that when the plaintiff took possession of the leased premises with knowledge of defendants' inability to get the landlord's consent, it amounted to a waiver.

The plaintiff remained in possession of the moving picture premises until April 1, 1914, when it was excluded therefrom by the landlord, who had previously refused to accept rent from plaintiff, and consistently refused to accept the plaintiff as tenant. The defendants never secured any lease from the landlord to the plaintiff, nor the consent of the landlord, as provided in the contract. Thereupon this action was brought.

The complaint sets forth the terms of the contract in a general way, without alleging the condition upon which the contract was to become null and void, its full performance by plaintiff and plaintiff's assignor, and alleges a breach by defendants, in that they failed and refused to deliver to the plaintiff a proper assignment of the lease and security, with the duly acknowledged consent of the landlord thereto, or, in the alternative, to procure a new lease of said premises to the plaintiff, and alleges damages in the sum of $6,750, and demands judgment therefor. The alleged agreement to get a new lease was no part of the written contract, but is alleged to have been made orally.

The answer denies the making of the oral agreement to get a new lease, and sets forth the contract in terms, and as a separate defense alleges that plaintiff waived so much thereof as provided that it should become null and void if the defendants were unable to obtain the duly acknowledged consent of the landlord to the assignment of the lease. The answer also alleges the facts relied upon to show

waiver, viz., that, at the time set for closing, defendants told plaintiff's assignor that they were unable to get the landlord's consent, that they were willing to cancel the contract as provided therein upon repayment to them of the $500 deposit, that plaintiff's assignor refused to do so, and went into possession of the leased premises; and that the defendants were at all times ready and willing to assign the lease to the plaintiff or to plaintiff's assignor.

[1] There was a clear issue raised in these pleadings as to whether plaintiff's assignor waived the getting of the landlord's consent to the assignment of the lease in question, and there was some slight evidence from which such a waiver by the plaintiff might be supported, at least enough to require the submission of that issue to the jury. For instance, the defendants claimed that when the plaintiff delivered the deed of the Brooklyn property and accepted the $500 preliminary payment, and went into possession of the leased premises and proceeded to conduct the moving picture business there, knowing that the landlord had refused to give the required consent, and treated directly with the landlord in an attempt to get a new lease, it amounted to a waiver of the provision of the contract requiring the defendants to procure the consent of the landlord. The learned court refused to submit this issue to the jury, telling them that the only question for them to determine was whether the plaintiff had been damaged by the failure of the defendants to fulfill their contract. Proper exception was taken to this part of the charge, and the court was requested, in several requests, to charge upon the question of waiver. These requests were refused, and the sole question left to the jury was the question of plaintiff's damages, which the jury assessed at $3,500. The question of waiver should have been submitted to the jury. The refusal to do so constituted reversible error.

[2, 3] In the view we take of this case, the plaintiff cannot recover damages under any circumstances. If there was a waiver, of course, the defendants must prevail. If there was not a waiver, and the defendants were chargeable with a breach of the contract, the contract by its very terms became null and void, and the parties must reinstate each other. If either refused, the other could maintain an action in equity to compel reconveyance of the properties and repayment of moneys deposited.

The judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs. Order filed. All concur.